HEARD NOVEMBER TERM, 1877.

### SMITH *vs.* MALLONE.

The law exempting homesteads from levy and sale does not affect the owner's right to sell or encumber the property as he sees fit.

BEFORE COOKE, J., AT PICKENS, MARCH, 1876.

This was an action by R. Press Smith against John C. Mallone and W. N. Craig, Sheriff.

The case is as follows:

On November 1st, 1873, the plaintiff executed and delivered to the defendant, Mallone, a mortgage of real and personal property to secure the payment of $20,000. The mortgage was duly recorded, and on the     day of September, 1875, the debt being due and unpaid, Mallone, by his agent, the defendant, Craig, seized under the said mortgage two mules and a wagon, part of the property included therein, and advertised the same for sale.

This action was then brought to restrain the sale on the ground that the mules and wagon were exempt from levy and sale under the provision of the Constitution and Acts of the General Assembly in relation to homestead exemptions.

His Honor the Circuit Judge granted a temporary injunction to restrain the sale, but upon the case coming upon its merits he dissolved the injunction and made a decree dismissing the complaint.

The plaintiff appealed.

*McGowan & Thompson,* for appellant.

*Norton,* contra.

April 18, 1878.   The opinion of the Court was delivered by

HASKELL, A. J.   The principal question involved in the appeal in this case has been recently determined by this Court in *Homestead Building and Loan Association* vs. *Enslow et al.* The law there stated is, that the homestead exemption does not deprive a man of the power to alien or encumber his real estate.   The principles announced apply with even more force to the mortgage or sale of personalty, which is this case.

The second ground of appeal, that real and personal property cannot together in the same instrument be the subject of mortgage, cannot for a moment be sustained, and, indeed, seems to have been abandoned by the appellants.

The appeal is dismissed.

*Willard,* C. J., and *McIver,* A. J., concurred.